IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAKEESHA WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:10-cv-65 |
| vs. | ) | |
| | ) | |
| H & P CAPITAL, INC., | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, LAKEESHA WHITE, by and through her attorneys, LUXENBURG & LEVIN, LLC, and for her Complaint against the Defendant, H & P CAPITAL, INC., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*., and the OCSPA, Ohio Rev. Code § 1345.01, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Columbus, Ohio.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff to Checksmart.

6. On information and belief, Defendant is a corporation of the State of Florida, which is not licensed to do business in Ohio and which has its principal place of business in Jacksonville, Florida.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. During or about March of 2009 Plaintiff began receiving phone calls from representatives of Defendant, including but not limited to Ryan Drake, regarding the collection of the aforementioned alleged debt. On occasions Defendant's representatives made more than five calls during a single day to Plaintiff, sometimes immediately after Plaintiff had ended a previous conversation. At times, Defendant's representatives contacted Plaintiff by telephone, at her residence and place of employment, more than a total of ten times during a given a week. Despite the continued telephone harassment carried out by Defendant's representatives, Plaintiff was never sent a written notice of any attempt to collect the alleged debt.

8. On one occasion Plaintiff's supervisor at the place of her employment received a call from Defendant's representative, Mr. Drake. When Mr. Drake called Plaintiff's place of employment, Mr. Drake identified to Plaintiff's supervisor the nature of his business and stated that Plaintiff owed a debt, without any prior inquiry having been made by Plaintiff's supervisor as to the nature of the call.

9. During one conversation that took place on or about May 18, 2009 at approximately 9:30 a.m., Mr. Drake threatened Plaintiff with legal action that would ensue if she did not pay the alleged debt. This call was followed by another one the same day at approximately 8:00 p.m., when Mr. Drake again threatened Plaintiff with legal action, which this time was coupled with a threat to incarcerate Plaintiff for forgery.  Upon being told by Plaintiff that she was unable to pay the alleged debt, Mr. Drake began to yell at her and used abusive language.

10. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Identifying the name of Defendant's company while communicating with a person other than the Plaintiff without having been expressly requested to do so, in violation of 15 U.S.C. § 1692b(1);

    b. Communicating with a person other than Plaintiff and stating to such person that Plaintiff owes a debt, in violation of 15 U.S.C. § 1692b(2);

    c. Communicating with someone other than Plaintiff in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692c(b);

    d. Falsely representing the character, amount and/or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

    e. Falsely representing or implying that Defendant's employee was an attorney or was communicating on behalf of an attorney, in violation of 15 U.S.C. § 1692e(3);

    f. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

    g.    Falsely representing or implying that Plaintiff committed a crime or other conduct in order to disgrace her, in violation of 15 U.S.C. § 1692e(7);

    h.    Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10);

    i.    Failing to send the written notice to Plaintiff which is required by 15 U.S.C. § 1692g(a); and

    j.    By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

11. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continue to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, LAKEESHA WHITE, respectfully prays for a judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00 for each violation of the FDCPA;

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    d.    Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

12. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

4

13. Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

14. Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(C), as Defendant is in the business of effecting or soliciting consumer transactions.

15. Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier, the Defendant herein.

16. Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

17. Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

18. As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, LAKEESHA WHITE, respectfully prays for judgment against Defendant as follows:

    a. Three (3) times all actual damages suffered for each violation;

    b. All statutory damages to which Plaintiff is entitled for each violation;

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    d. Such other and further relief as may be necessary, just and proper.

5

**JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for the trebling of any damages pursuant to Ohio Rev. Code § 1345.09 and any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ David B. Levin
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23240 Chagrin Blvd., Suite 601
Beachwood, OH 44122-5452
(888) 595-9111, ext. 711 (phone)
(866) 382-0092 (facsimile)
dlevin@attorneysforconsumers.com